UNITED STATES DISTTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRECIUS ANTONIO HAMILTON
    Plaintiff,

v.                                      Case No: 8118-CV-885-7-02T6W

OFFICER JEREMY WILLIAMS,
OFFICER JUSTIN KING,
AND OFFICER JOEL MAILLY,
    Defendants,

## PLAINTIFF FIRST MOTION FOR SUMMARY JUDGEMENT RULE 56(c)

COMES NOW, Plaintiff Rodrecius Antonio Hamilton and respectfully moves this Honorable Court for a Motion for Summary Judgment. That Defendant's cannot dispute such material facts of Plaintiff Constitutional violation's, and a trial in this case will be virtually useless and a waste of judicial resources time and money. Under the circumstances Plaintiff has made substantial allegations supported by medical records and competent evidence of Constitutional violation, that Mr. Hamilton's 4th and 14th Amendment rights were thus violated under Federal Law pursuant to 42 U.S.C. § 1983; Plaintiff states as follows:

Under § 1983, 4th and 14th Amendment Plaintiff sufficiently and adequately met the threshold showing that officers in this case entered household without a search warrant, which was unreasonable because the intrusion was made without home owners

1

consent. Under <u>Payton v. New York</u>, 445 U.S. 573, 586 (1980); "[and thus] the warrant requirement is subject to certain exception." See <u>Brigham City, Utah v. Staurt</u>, 547 U.S. 398, 403 (2006); Holding, a warrantless entry into a home in not unreasonable where consent is given or exigent circumstances exist. See <u>McElish v. Nugent</u>, 483 F.3d 1231, 12404-4 (11th Cir. 2007);

1. Plaintiff sufficiently alleged a 4th Amendment claim under § 1983 that the search was illegal and unreasonable without a warrant in the second amended complaint. Which Defendants cannot dispute these factual allegations, by these arguments contained in its motion to dismiss or in opposition of summary judgment motion.

2. Under the 4th Amendment if officers have violated the illegal search and seizure clause they have also deprived plaintiff of his due process rights under the due process clause "procedurally and substantive" see the 4th and 14th Amendment U.S.C.

3. Police officers acts outside the scope of his profession, if officer let "a K-9 dog" loose on Plaintiff to illegally attack him absent an arrest warrant, of sufficient probable cause, to believe that plaintiff was committing a felony offense on his own property.

4. Police officers acts outside the scope of their profession as unreasonable, if they indulge in repetitively kicking Plaintiff and beating him after he was already apprehended illegally.

5. Defendant officers has made several inconsistent statements about the

episodes took place, and they testimonies would not be reliable if a trial was conducted because they testimonies "constitutes perjury and fraud to support their defenses." Further in deprivation of Plaintiff Constitutional rights to due process of law 14th Amendment U.S.C.A.

6. Fraudulent and perjured evidence from Defendant's witness statements in Mr. Hamilton misdemeanor case was illegally used in his felony conviction which led him to prison, was also unconstitutional, under the circumstances, the Defendant has deprived him of his 4th and 14th Amendment rights in violation of the U.S. Constitution.

7. Mr. Hamilton can support all of his claims of an illegal search and seizure and excessive use of force, with prima facie evidence of eye witnesses, which is his wife, children, and grandchildren, which was present on the day that the Defendants illegally broke into his home, and let the dogs loose on him and kick him and beat him without a warrant for his arrest. 4th and 14th Amendment U.S.C.A.

8. Constitutes these factual claims that are supported by prima face evidence could not be disputed as a matter of law. Which constitutes all the undisputable material facts are alleged in Mr. Hamilton second amended complaint and could not be disputed by no testimony. Eyewitnesses or record support in the Defendant behalf. "They cannot produce any factual or prima facie evidence to properly support their defense only mere inconsistencies." Defendant's does not dispute any of Plaintiff factual allegations that they was acting under the scope of their discretionary authority under <u>Carson v.</u>

3

McMillian, 939 F.2d 1487 (11th Cir. 1991).

9. A police officer does not act within the scope when officers intrude or infringe on ones privacy by illegally entering a U.S. Citizens property without a search warrant, and illegally seized his property or him without a warrant from a judge and is without such jurisdiction to make such arrest. 4th and 14th Amendments.

## CONCLUSION

That based upon Plaintiffs allegations and undisputable assertions of an illegal search and seizure and excessive use of force. Defendants could not possibly make any material disputes against Plaintiff claims to dismiss this case or to defeat his claims for summary judgment. Based upon competent evidence and argument of factual allegations, that sufficiently entitles Plaintiff to summary judgment, and all money damages as alleged in the second amended complaint.

## CERTIFICATE OF SERVICE

I hereby certify that I have placed the foregoing motion in the hands of a FDOC Mailroom Representative in appropriate form as prima facie Certificate of Service to be mailed as pre paid via U.S. Mail under the Mail Box Rule: United States District Court, Middle District, Tampa Division 801 N. Florida Ave., Tampa, Fla. 33602 and Gary Robinson Attorney at Law, 401 East Jackson St., Suite 2700 Post Office Box 3324, Tampa, Fla. 33602 on this __21__ day of __February__, 2020.

Respectfully Submitted,

Rodrecius Antonio Hamilton