# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RODRECIUS ANTONIO HAMILTON,

    Plaintiff,

v.                              CASE NO. 8:18-cv-885-T-02TGW

OFFICER JEREMY WILLIAMS,
OFFICER JUSTIN KING, and
OFFICER JOEL MAILLY,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) (Dkt. 74), and Defendants' response (Dkt. 75). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court denies the motion.

## Relief Sought

Plaintiff Mr. Hamilton asks this Court to reverse the summary judgment, reopen the case, and allow him to file a third amended civil rights complaint. *Id*. 74 at 1. Relying on 60(b)(2), he states his Eighth Amendment right against cruel and unusual punishment was violated. The motion, however, is devoid of any factual basis for such a constitutional violation. He asserts the claim is based on newly discovered evidence, which he could not locate with due diligence because

he was unable under quarantine to review the state court record. *Id*. 74 at 2. He fails to identify the newly discovered evidence.

## Legal Standard

Rule 60(b)(2) permits relief from a final judgment when "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[1] To grant relief from summary judgment under 60(b)(2), a strict showing is required of the following: (1) the evidence was discovered since the trial; (2) the movant used due diligence to discover the new evidence; (3) the new evidence is not cumulative or impeaching; (4) the evidence is material; and (5) the evidence would cause a new trial to probably produce a different result. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). Plaintiff has failed to meet his burden.

## Application of Rule 60(b)(2) factors

Plaintiff's allegations do not show the prison quarantine prevented him from responding to the motion for summary judgment pending since June 22, 2020. He alleges "on May 15, 2020, Hamilton Correctional Institution was placed on quarantine due to the covid-19 virus." Dkt. 74 at 1. On July 8, 2020, this Court received Plaintiff's motion for more time to respond to the pending motion for

---

[1] "A motion for new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

sanctions and granted Plaintiff until August 10, 2020 to respond.  Dkts. 61, 70, 71.  By separate order dated June 29, 2020, this Court advised Plaintiff to respond to the motion for summary judgment no later than July 29, 2020.  Dkt. 69.  Nevertheless, Plaintiff did not file a response to either pending motion, which were filed just days apart, and the Court denied as moot any sanctions and granted summary judgment in favor of Defendants on August 26, 2020.  Dkt. 73.  There is no explanation why Plaintiff could file a motion directed to the sanctions but not a similar motion as to the summary judgment.  Dkts. 70; 75 at 3 n. 2.[2]

Nor do Plaintiff's allegations show he could not have discovered any hypothetical, undisclosed new evidence until after summary judgment was granted against him.  His reference to court records as the location of the newly discovered evidence is puzzling.  His court records from his criminal conviction of July 20, 2017 could have been discovered long before the pandemic caused his facility to be quarantined.  If the violations somehow occurred during his arrest, Plaintiff has known those facts since his arrest in April 2016.

Based on the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. 74) is denied.

**DONE AND ORDERED** at Tampa, Florida, on December 7, 2020.

---

[2] That he was transferred to another facility on September 25, 2020, does not change the fact that he was able to file a motion while on quarantine.  Dkt. 74 at 1–2.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Plaintiff, *pro se*
Counsel of Record